# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

SANJAY CHAUDHARY,

               Plaintiff,

v.

CHRISTOPHER A. GRAVES,

               Defendant.

1:18-cv-1110-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Linda T. Walker's Report and Recommendation [2] ("R&R"), which recommends remanding this action to the Magistrate Court of Fulton County, Georgia.

## I.    BACKGROUND

On February 6, 2018, Plaintiff Sanjay Chaudhary ("Plaintiff") initiated a dispossessory proceeding against Defendant Christopher A. Graves ("Defendant"), in the Magistrate Court of Fulton County, Georgia. Plaintiff seeks the eviction of Defendant who fell behind in rent payments. ([1.1] at 3).

On March 16, 2018, Defendant, proceeding *pro se*, removed the Fulton County action to this Court by filing his Notice of Removal [1.1]. Defendant asserts that the Court has federal question, diversity, and supplemental jurisdiction

over this matter because Plaintiff's dispossessory action violates the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. ([1.1] at 1-2).

On April 11, 2018, the Magistrate Judge issued her R&R, recommending that this action be remanded to the Magistrate Court of Fulton County, Georgia for lack of subject matter jurisdiction. ([2]). The parties did not file objections to the R&R.

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984). Where, as here, the parties have not filed objections to the R&R, the Court reviews it for plain error.

B.  Analysis

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006). The Eleventh Circuit consistently has held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). "Federal courts exercise limited jurisdiction and generally can hear only actions that either meet the requirements for diversity jurisdiction or that involve a federal question." Kivisto v. Kulmala, 497 F. App'x 905, 906 (11th Cir. 2012). Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the suit is between citizens of different states. 28 U.S.C § 1332(a). "[F]ederal-question jurisdiction may be based on a civil action alleging a violation of the Constitution, or asserting a federal cause of action established by a congressionally created expressed or implied private remedy for violations of a federal statute." Jairath v. Dyer, 154 F.3d 1280, 1282 (11th Cir. 1998). "The removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction." City of Vestavia Hills v. Gen. Fidelity Ins.

Co., 676 F.3d 1310, 1313 n.1 (11th Cir. 2012).

The Magistrate Judge found, as to federal question jurisdiction, that "Plaintiff relied exclusively on state law when he initiated a dispossessory proceeding in the Magistrate Court of Fulton County to seek possession of Defendant's residence after Defendant failed to pay rent." (R&R at 3); see also Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010) (citation omitted). The Magistrate Judge concluded that "[n]o federal question is presented on the face of Plaintiff's Complaint," and, thus, "jurisdiction . . . lies entirely in the state court system." (R&R at 3-4). The Magistrate Judge further concluded that the federal question presented by Defendant's FDCPA counterclaim is not a proper basis for removal of the complaint. (R&R at 4).

The Magistrate Judge also found that Defendant failed to establish diversity or supplemental jurisdiction in this court. The Magistrate Judge concluded that "Defendant's Notice of Removal does not support the existence of diversity jurisdiction . . . [because] [n]either Defendant's Petition for Removal nor Plaintiff's Complaint includes any facts showing that the parties are diverse or that the $75,000 jurisdictional threshold is met." (R&R at 4); see also Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004); Fowler v. Safeco Ins. Co. of Am., 915 F.2d 616, 618 (11th Cir. 1990). As

to supplemental jurisdiction, the Magistrate Judge found that "because the Court has already determined it does not have subject matter jurisdiction over any of Plaintiff's claims[,] . . . the Court is unable to exercise supplemental jurisdiction over Defendant['s] potential counterclaims." (R&R at 5-6).

Defendant has not shown that the Court has subject matter jurisdiction over this state dispossessory proceeding, and this action is required to be remanded to the Magistrate Court of Fulton County, Georgia. Cf. Dhinoja, 705 F. Supp. 2d 1378 (finding that the court lacked federal jurisdiction over a state dispossessory action, after it had been removed, and remanding to state court for further proceedings). The Court finds no plain error in the Magistrate Judge's findings and recommendations.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Linda T. Walker's Report and Recommendation [2] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Magistrate Court of Fulton County, Georgia.

**SO ORDERED** this 29th day of May, 2018.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE